## McCROHAN v. PARKER.

[69 South. 218.]

DEEDS. *Property conveyed. Title of grantor.*

Where the owner of a plantation surveyed and divided the same into blocks and strips for roads for access to the block, and conveyed blocks on condition that there should be left open for public use as half of a roadway a strip fifteen feet wide along the land conveyed, the same to be used as a roadway by the grantor, or by his tenants, or any one acquiring by or through him after that time possession of other land. In such case the grantor had no title to the strips which were embraced within the calls of his deeds.

APPEAL from the chancery court of Wilkinson county. HON. J. S. HICKS, Chancellor.

Suit by W. H. Parker against Susie D. McCrohan. From a decree for complainant, defendant appeals. The facts are fully stated in the opinion of the court.

*E. H. Ratcliff,* for appellant.

The bill was one to remove cloud from title, the bill itself and the exhibits thereto shows that the complainant had no title to the land in question though the bill specifically avers title. Putting it most strongly in

complainant's favor he only had an easement in the several strips of land. They were to be reserved and forever kept open for public use as a street or roadway. I deem it a waste of time to go into any discussion of the question as to whether this claim in the various deeds is an exception, reservation or condition as I regard it as wholly unimportant by what name it may be called but it is the intention of the parties which controls and it was clearly the intention of the parties to create an easement over these strips of land for general use as a roadway. Reservations of these roadways was not solely for the purposes of the complainant and for his convenience but the easement was reserved for the benefit of the community and for the benefit of all the purchasers of any of said parcels of land including this appellant. There is grave doubt in my mind whether this complainant can sue at all but it is certain that he had no right to a decree giving him the full legal and equitable title to these roadways, thereby shutting out all his vendees from the benefits thereof, a thing which he had contracted with each of them, they should enjoy. An easement is said to be "a right which one proprietor has to some profit, benefit or beneficial use, out of, in or over the estate of another proprietor." 7 Am. and Eng. Ency. of Law, p. 399. This was the only sort of interest plaintiff had in these roadways. The decree declared him to be the absolute owner of the roadways, with full legal and equitable title and declared the defendant to have no interest therein. There is absolutely nothing in this case to justify such a decree, and to me, the decree is so palpably erroneous that extended discussion of it or the citation of voluminous authorities is superfluous. I merely refer the court to the title Easements in Vol. 7 Am. and Eng. Ency. of Law 398, *et seq.,* and to the case of *Haggerty* v. *Lee,* 20 So. 631, and the copious notes to this case, which seem to me to furnish abundant authority to estab-

lish the grievous error of the court and to show that
the whole case proceeded along erroneous lines and un-
der a misconception of the rights and remedies of the
complainant and of the real purpose and intention of
the clause reserving an easement in the several deeds.
If complainant had an easement he is not without re-
medy to protect it, such as an action for damages, in-
junction, etc.  See 7 Am. and Eng. Ency. of Pl. and
Pr. title Easement.  But he certainly did not have the
right to retake the land and to repossess himself of it to
the exclusion of all others including his vendees, and
to repudiate and ignore the intention of the parties to
the same and to their lasting detriment and irreparable
injury in shutting them off from any means of in-
gress and egress to and from the properties purchased
from him.

*Truly & Truly,* for appellant.

We contend that this reservation of strips along the
borders of the several lots conveyed after the property
had been subdivided into lots and blocks, and especially
in view of the language of the bill of complaint that the
roads, alleys or streets were retained and reserved "in
order to have proper and convenient access to the said
lots or blocks of the said Stafford Place as surveyed
and divided" was an absolute dedication to the public
use of the strips so reserved, a dedication which hav-
ing once been completed could not afterwards be re-
voked by the original vendor; certainly not without the
consent of the landowners who had purchased lots or
blocks with reference to the adjacent alleys and streets
which were so reserved.  This proposition is so plain
in the State of Mississippi and has been the law for
such a length of time that we believe it will only be
necessary to refer to one or two of the older cases.

In *Briel* v. *Natchez,* 48 Miss. 423, the decision is di-
gested as follows:  "The rule in this country in favor

of the dedication of land for public use is more liberal than in England. If one lays off lots intersected by streets and sells with reference to such streets, this is a dedication of land for public use which cannot be revoked. "See also *Witherspoon* v. *Meridian,* 69 Miss. 288.

In an older case still, and a very noted one—*Vick* v. *Vicksburg,* 1 H., 379—the rule is thus announced: "When the owners of land have laid it out into lots with streets and avenues intersecting the same, and have sold lots with reference to a plot so laid off, it is too late for them to assume a general and unlimited control over the property thus dedicated to the public use."

And it appears further that it is not necessary in order to complete the dedication that the streets should actually be opened or that the dedication be officially accepted. See the case of *Meridian* v. *Poole,* 88 Miss. 108, where it is held: "A valid dedication and acceptance of land for street purposes is not defeated by the fact that the street is not immediately opened for use."

It also seems to be true in this state that neither the vendor nor the vendee of the lots can dispute the dedication or the intention to dedicate where the plot and survey is made and sales made in accordance therewith. See *Vicksburg* v. *Marshall,* 59 Miss. 563.

We submit further, therefore, that while the court was correct in denying the defendant's vague suggestion and claim of ownership as set forth in the meagre answer filed to the bill of complaint, that he erred in holding that the vendor was not likewise estopped from asserting title in himself. The same rule of law was applicable to both complainant and defendant, appellant and appellee. The appellant could not successfully deny the dedication of the strips to the public, or common use, because she had purchased the lots subject to the deeds and survey which contained

the reservation.   Nor should the appellee have been permitted to revoke his dedication of the streets and roadways, because the reservations were contained in his own deeds and evidenced by his own map made by himself.

*Ackland H. Jones,* for appellee.

Counsel says that it is a waste of time to go into any discussion of the question as to whether this claim in the various deeds is an exception, reservation or condition, and then proceeds to argue that the exception is really an easement.   It is not disputed that the definition of an easement quoted by him from 10 American and English Encyclopedia of Law 399—"a right which one proprietor has to some profit, benefits or beneficial use, out of, in or over the estate of another proprietor"—is a correct statement of that incorporeal right, but it is insisted that counsel is mistaken when he contends that these claims, these express conditions and exceptions in the deeds, constitute an easement.

Tested by the definition cited by him, his entire argument fails.   Here is no right claimed by appellee to any profit, benefits or beneficial use, out of, in or over the estate of appellant.   The title of appellant to these lots and blocks, by the very terms, conditions and exceptions of the deeds through which she claims, depends on the keeping open of these strips;  by the very deeds through which she claims, it clearly appears that no title to these strips ever passed to her grantors;  that these several deeds were promptly and properly placed on record in the proper county is an allegation of the bill, uncontradicted, and appellant when she took title to the lands, had the notice of the public records that these strips were excepted out of the conveyances.

An exception in a deed is a qualification, by virtue of which a portion of an estate is withheld from the operation of the grant.   Is not here, in these

deeds, such a qualification? Is not this deed in effect just the same as if written all of block nine except a strip fifteen feet wide all around it? Does the expression that it, that is, the strip of fifteen feet, is to be kept open for public use, help appellant in any way, or authorize her to set up a claim of absolute ownership, adverse to that of appellee?

Appellant appreciates the fact that she acquired no title to these strips by the deeds, her counsel appreciates that fact now and even though so appreciating it, he does not attempt to explain where or in whom the title is vested. His claim that appellee has only an easement utterly fails, because nothing is claimed out of anything owned by appellant, the very basic stone, of an easement, and yet he wholly fails to even attempt to put the title elsewhere than in appellee. The answer of appellant, in the lower court, makes a stagger at a claim that these strips are public streets or roads, but there was not one word said in the testimony confirming that claim.

Now then, as shown, appellant under the deeds certainly has no title to any of these strips. The public has no right nor interest therein. The intent of the owner to dedicate the strips for public use must be clearly shown; must be of a positive and unequivocal character. 9 Am. & Eng. Enc. Law, 38. Moreover, there must be an acceptance by the public. Ibid 43. And again, even if there had been an intent to dedicate to public use, the owner has perfect right to withdraw the offer until there has been an acceptance by the public. Ibid 78. We thus show, first, that appellant never had title by the deeds, and, second, that the public never had title to nor interest in the said strips. Therefore, there can be not a shadow of a doubt of the title of appellee.

Stevens, J., delivered the opinon of the court.

A bill in equity was filed by appellee as the owner of a plantation known as the Stafford Place, situated

partly within and partly without the corporate limits
of the town of Centerville, against appellant, as de-
fendant in the court below, the grantee by mesne con-
veyances of certain parcels of land originally em-
braced in said plantation.  The bill alleges that the
complainant had said plantation surveyed and divided
into lots or blocks of varying dimensions for his con-
venience in selling the place; that in order to have
access to the lots or blocks as surveyed and divided,
it was necessary that certain strips of land for roads,
alleys, or streets be retained in any sale made of any
of said lots or blocks; that, after laying off said plan-
tation in lots, complainant sold and conveyed certain
of the lots by separate conveyances to C. L. Dewey
and R. A. Bolling, certified copies of the deeds of con-
veyance being attached to the bill as exhibits; that
the defendant by mesne conveyances has become the
owner of all the lots sold by complainant; that com-
plainant is the true, legal, and equitable owner of the
strips of land fifteen feet in width designated as one-
half of a roadway in the deeds, copies of which are
exhibited; that the defendant in the bill was assert-
ing some claim and—

"pretends to have some right to the said several
strips of land herein described and owned by your
complainant, which casts a doubt, cloud, and suspi-
cion on the title of your complainant; and that, in
order that complainant may fully enjoy, possess, and
keep his said land free from any and all claims of the
defendant, the said doubts, clouds, and suspicions
should be removed."

In the first deed, executed by Mr. Parker to C. L.
Dewey, for blocks nine and eight, the following pro-
vision appears:

"A condition upon which the deed is given is that
there is forever to be left open for public use as one-
half of a roadway a strip of land along the west,

south and eastern sides of this tract of land hereby conveyed (and being a part thereof) of the width of fifteen feet.''

In another deed to block twelve is this provision:

''C. L.' Dewey is to leave open forever for one-half of a public roadway a strip of land fifteen feet wide along the western, southern and eastern sides of block twelve hereby sold him.''

Another deed to R. A. Bolling contains the following:

''There are certain conditions upon the fulfillment of which alone this deed is to stand perfected: First, the payment of the note above described; second, that there shall always be left open as one-half of a roadway a strip of land fifteen feet in width along the western, southern, and eastern borders of the land herein con-veyed, being part of the same; third, that I retain the privilege of connecting my plantation fence unto any that may surround the land herein conveyed.''

Still another deed contains the following:

''The further conditions necessary to the perfecting of this deed are that there shall always be left open a strip of land fifteen feet in width all along the eastern and western sides of the land herein conveyed, the same to be used as a roadway by myself, by my tenants, or by any one acquiring by or through me after this time possession of land on said Stafford Place, and, further, that I retain and forever possess the right to join the fencing of said Stafford Place to any that may inclose said land conveyed herein.''

Each of said conveyances is based upon a valuable consideration, stated in the deed. The prayer of the bill is for a confirmation of the alleged title of complain-ant to the several fifteen-foot strips of land referred to in the several deeds, as being intended for roadways, and that the alleged claim of defendant be canceled as a cloud upon complainant's title.

The defendant, by answer, denied the material aver-ments of the bill, and especially denied any title in com-

plainant whatever. The case was heard on bill, answer, documentary evidence, and the oral testimony of two or three witnesses. The chancellor granted the prayer of the bill, adjudged- the complainant the owner of all said strips of land, and canceled the claim of ownership by the defendant. From this decree appellant, as the defendant in the court below, appeals, assigning, amongst other errors complained of, the following:

"(1) Because the bill. of complaint filed herein, accepted as true, entitled the complainant to no relief, the bill of complaint and exhibits showing the absolute dedication of the strips of land sued for.

"(2) Because the final decree rendered is erroneous, in that it vested in the complainant an absolute title to the strips of land in controversy, where under no view of the facts and the law was he entitled to more than the right of user thereof.

"(3) Because of the error in the court below in rendering the decree by which a fee-simple title was admitted to be vested in the complainant below in the land set apart for streets or public highways in the deeds of conveyance referred to in the bill of complaint."

The bill of complaint claims title to and ownership of the several fifteen-foot strips of land designed for road purposes in the several deeds exhibited to the bill. These strips of land were embracd within the call of the several deeds, and the fee-simple title was conveyed by appellee and vested by the several conveyances in the grantees, Dewey and Bolling, and by mesne conveyances thereafter duly vested in appellant. It was error, therefore, for the court to adjudge appellee as the true, legal and equitable owner of these several strips of land. This suit is not based upon any allegation that the provisions of the several deeds hereinabove copied in full constituted a condition subsequent, or upon any claim of a forfeiture. Complainant simply laid claim to the title, and the exhibits to the bill are at variance

with any such claim. The meager 'proof offered by the parties reflects no alteration or change of these written provisions of the deeds, which alone measure the rights of the parties. Upon any .theory of the case made by this record, appellee was manifestly not entitled to the specific relief prayed for or to the decree granted.

The complainant below seems to claim title in his bill to a thirty foot strip of land adjoining one of the fifteen foot strips in question, and it is uncertain whether the bill seeks confirmation of title to said thirty-foot strip, to which appellant lays no claim. We think it proper to reverse and set aside the decree below and to remand the case.

*Reversed and remanded.*